UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT LEE BARTOLOMUCCI, Jr.,**<br><br>Petitioner,<br><br>vs.<br><br>**ADAM DOUGLAS,**<br><br>Respondent. | **2:26-CV-13024-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING THE CONSTRUED MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTION TO STAY THE PROCEEDINGS (ECF NO. 2),**<br><br>**AND SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS** |

Robert Lee Bartolomucci, Jr., ("Petitioner), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Macomb County jury-trial convictions for carjacking, fleeing and eluding a police officer, resisting arrest, and driving while license suspended or revoked. ECF No. 1. Petitioner also filed a motion to stay the proceedings, which the Court construes in part as a motion to amend the habeas petition. ECF No. 2. The Court **GRANTS** the construed

motion to amend the petition and **DENIES** the motion to stay the proceedings. Further, the Petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

## I. Background

Following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of: carjacking, M.C.L. 750.529a; second-degree fleeing and eluding a police officer, M.C.L. 257.602a(4) (fleeing and eluding); assaulting, resisting, or obstructing a police officer (resisting arrest), M.C.L. 750.81d(1); and driving while license suspended or revoked ("DWLS"), M.C.L. 257.904(1). Petitioner's conviction was affirmed on appeal. *People v. Bartolomucci*, No. 369058, 2025 WL 1448941 (Mich. Ct. App. May 20, 2025), *lv. den.*, 30 N.W.3d 82 (Mich. 2026).

On August 17, 2026, Petitioner filed a petition for writ of habeas corpus with this Court, seeking habeas relief on the claims that he raised on his appeal of right.[1] Petitioner also filed a motion to stay the proceedings so that he can exhaust additional claims in the state courts which are not included in the Petition. ECF No. 2.

---

[1] The Petition was entered on the Court's docket on August 25, 2026. ECF No. 1. However, under the prison mailbox rule, this Court assumes that Petitioner actually filed his habeas petition on August 17, 2026, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

## II. Discussion

Petitioner moves to stay the proceedings. ECF No. 2. He wishes to return to the state courts to exhaust additional claims of ineffective assistance of trial and appellate counsel, fraud upon the court, Fourth Amendment violations, *Brady* violations, and prosecutorial misconduct by seeking post-conviction relief with the state trial and appellate courts. *See id.*

This Court construes Petitioner's motion to stay the proceedings as a motion to amend his initial habeas Petition to add these additional claims. *See Murphy v. Elo,* 250 F. App'x 703, 704 (6th Cir. 2007) (affirming district court's judgment after district court construed habeas petitioner's motion to stay as a motion to amend and stay); *see also Thomas v. Brewer,* No. 2:20-CV-10217, 2020 WL 587540, at *1 (E.D. Mich. Feb. 6, 2020) (Steeh, J.) (construing petitioner's motion for stay in part as a motion to amend her habeas petition to add additional ineffective assistance of trial and appellate counsel claim). The Court will permit Petitioner to file this amended habeas petition because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). This Court therefore considers the issues that Petitioner intends to raise in the state court in his post-conviction motion as being part of the original Petition. *Thomas*, 2020 WL 587540, at *1.

By adding these new claims, however, the instant Petition is now subject to being dismissed because Petitioner's new claims, by his own admission, have not yet been exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment with the Macomb County Circuit Court under Michigan Court Rule 6.500, *et. seq*. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.303. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (Lawson, J.).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269, 276 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be inappropriate because there are no exceptional or unusual circumstances present that justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust his new claims, rather than dismissing it without prejudice. *See id.* at 277–78; *see also Casson v. Stephenson*, No. 23-10498, 2023 WL 5917395, at *2 (E.D. Mich. Sept. 11, 2023) (Levy, J.) (applying *Rhines*).

The Michigan Supreme Court denied petitioner's application for leave to appeal on January 30, 2026. *People v. Bartolomucci*, 30 N.W.3d 82 (Mich. 2026). However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the United States Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period to seek certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of

certiorari with the United States Supreme Court, thus, his judgment became final, for the purpose of commencing the running of the one year limitations period, on April 30, 2026. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002) (Roberts, J.).

Petitioner filed his Petition with this Court on August 17, 2026, after just under four months had run on the statute of limitations. This Court is dismissing the Petition without delay so that Petitioner can return to the state courts to exhaust his claims. Section 2244(d)(2) of Title 28 expressly provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by a petitioner.

Because Petitioner has more than eight months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001) (Lawson, J.). Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings.

There is also an alternative, equitable remedy available to Petitioner in lieu of staying the Petition. In *Hargrove v. Brigano*, 300 F.3d 717, 719–721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Because the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Here, Petitioner promptly filed his Petition for writ of habeas corpus with this Court. Nor can this Court conclude that Petitioner's claims are plainly meritless. This Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. Accordingly, the Court shall dismiss the Petition without prejudice and the one-year limitations period shall be tolled from August 17, 2026, the date Petitioner filed his Petition, until Petitioner returns to federal court. This tolling of the limitations period is contingent upon

Petitioner complying with the conditions indicated below in Section IV of the Order.

## III. Conclusion

The Petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

The Court **DENIES** a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition

should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court **DECLINES** to issue a certificate of appealability, because jurists of reason would not debate this Court's conclusion that the Petition is subject to dismissal because Petitioner failed to exhaust his state-court remedies. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022) (Ludington, J.). The Court will also **DENY** Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the motion to stay the proceedings is **DENIED.**

**IT IS FURTHER ORDERED** that:

(1) The one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 17, 2026, the date that Petitioner filed his habeas application, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a new habeas petition in the federal court within **thirty (30) days** of the completion of his state post-conviction proceedings; and

(2) Petitioner is **DENIED** a Certificate of Appealability or Leave to Appeal *In Forma Pauperis.*

**IT IS SO ORDERED.**

Dated: August 31, 2026

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT